ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
MICHAEL A. KEOUGH (NYRN 5199666)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6878
    FAX: (415) 436-6570
    michael.keough@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE JEONJU DISTRICT COURT IN JEONJU, REPUBLIC OF KOREA IN THE MATTER OF *PARK SANGWOOK v. YUN DONGSU* | MISC. NO. 24-80027<br><br>**MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782** |

The United States of America, by its counsel, Ismail J. Ramsey, United States Attorney for the Northern District of California, and Michael A. Keough, Assistant United States Attorney, submits this Memorandum of Law in support of the *Ex Parte* Application for an Order,[1] pursuant to 28 U.S.C. § 1782, to execute a Letter of Request from judicial authorities in Jeonju, Republic of Korea for international judicial assistance to obtain certain information and documents from Google LLC ("Google").

**INTRODUCTION**

The request for international judicial assistance comes from the Jeonju District Court in Jeonju, Republic of Korea ("Korean Court"). Specifically, the Court has issued a Letter of Request requesting judicial assistance to obtain information for use in the case captioned *Park Sangwook v. Yun Dongsu*, Foreign Reference Number 2023-F-2440.. See Declaration of Assistant United States Attorney Michael A. Keough, Exhibit 1 (Letter of Request) ("Keough Decl."). The Letter of Request indicates that the matter involves a dispute over a financial transaction and the identity of the person using the hongkong0874@gmail.com address.

To make its determination, the Korean Court is requesting information regarding "hongkong0874@gmail.com," an alleged Gmail user. More specifically, the Korean Court is seeking (1) all personal information provided by the subscriber at the time the above email account was created, (2) the date and time the above email account was created by the subscriber, (3) the login date & time of the email account by the subscriber after creating the above account, and (4) the deleted date & time, in case the above email has been deleted.

---

[1] *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("It is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45[(d)](3)."); *see also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas."); *In re Letter of Request from Supreme Ct. of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991) (same); *In re Application of Masters for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, 315 F. Supp. 3d 269, 272 (D.D.C. 2018) (presenting application under Section 1782 *ex parte*). While these applications are generally filed *ex parte*, they do not need to be filed under seal. *See, e.g.*, *In re Mutual Assistance of Local Court of Wetzlar, Germany*, 1:17-mc-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018) (order denying motion to seal U.S.'s application for *ex parte* order appointing commissioner pursuant to 28 U.S.C. § 1782).

MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782

The Korean Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance in Washington D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 [hereinafter Hague Evidence Convention].

The request was then transmitted to the U.S. Attorney's Office for the execution in accordance with 28 C.F.R. § 0.49(c). To execute these requests for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782.

**ATTEMPTS TO OBTAIN THE REQUESTED INFORMATION AND GOOGLE'S COOPERATION**

On or about November 28, 2023, the U.S. Attorney's Office first wrote to Google about the Korean Court's request for international judicial assistance. *See* Keough Decl. ¶ 3. Google requested that a subpoena be issued under 28 U.S.C. § 1782 so that responsive information could be provided. *See* Keough Decl. ¶ 3. Google does not object to the entry of the accompanying proposed order. *See* KeoughDecl. ¶ 6. This Application is unopposed.

**ARGUMENT**

**I.     THE HAGUE EVIDENCE CONVENTION**

The Hague Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." Hague Evidence Convention pmbl. The Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The Hague Evidence Convention is in force in both the United States and the Republic of Korea. Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited Feb. 9, 2024) (The Hague Evidence Convention entered into force in Korea on or around February 12, 2010).

Article 10 of the Hague Evidence Convention provides that:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

Hague Evidence Convention, art. 10.

Furthermore, Article 9 of the Hague Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id*. at art. 9.

Under Article VI of the United States Constitution, treaties, such as the Hague Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971). *See also Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state and federal courts pursuant to the Supremacy Clause.") (Roders, J., concurring); *Bishop v. Reno*, 210 F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a treaty.").

**II.  STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION**

The authority for this Court to assist foreign tribunals in obtaining testimony is contained in 28 U.S.C. § 1782. This section states:

> <u>Assistance to foreign and international tribunals and to litigants before such tribunals</u>
>
> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe

MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782
4

>otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a); s*ee also Aérospatiale*, 482 U.S. at 529 (providing a brief history of the Hague Evidence Convention).

Section 1782 "is the product of congressional efforts, over the span of 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988). District courts have repeatedly appointed Assistant United States Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts in response to a request for assistance. *In re Clerici,* 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory).

This Court is authorized to provide assistance to the Korean Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person or document for which discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." *In re: Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery,* 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004); *see also S.* Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3783 (providing Congress' general statement regarding the purpose behind the statute); *Intel*, 542 U.S. at 248-49 (providing a brief history of Section 1782 and federal court aid to foreign tribunals).

Here, each of these threshold statutory requirements is met. First, Google "resides or is found in" the Northern District of California, because Google's corporate offices or headquarters are in Mountain View, California.  Second, the Letter of Request explains that the information sought is "for use in a proceeding before a foreign tribunal" as such information is relevant to identifying a witness in the

Korean proceeding. Third, the Letter of Request itself also reflects that it "is made by a foreign or international tribunal." *Id*.

### III. DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *See Intel*, 542 U.S. at 264. Indeed, § 1782 "affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals." *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000).[2]

The Supreme Court has set forth certain discretionary factors for a district court to consider before granting a request for judicial assistance:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65.

"In exercising its discretion under § 1782, the district court should be guided by the statute's twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424; *see also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Korean Court.

---

[2] *In re Application for an Order Permitting Metallgesekkschaft AG to take Discovery*, 121 F.3d 77 (2nd Cir. 1997) ("[T]hrough §1782 Congress has seen fit to authorize discovery which, in some cases, would not be available in foreign jurisdictions, as a means of improving assistance by our courts to participants in international litigation and encouraging foreign countries by example to provide similar means of assistance to our courts…. If district courts were free to refuse discovery based on its unavailability in a foreign court or because the foreign court had not first passed on the discoverability of the materials sought, § 1782 would be irrelevant to much international litigation, frustrating its underlying purposes.").

MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782

6

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech,* 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]; *see also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.").

Google is not a party to the proceedings and is not subject to the Korean Court's jurisdiction because it is located in California; thus, the first factor weighs in favor of granting the Application.

Second, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Korean Court or the character of the proceedings.

Additionally, this request was initiated by the Korean Court and not by an independent party; therefore, the Korean Court is clearly receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See In re Svitavy*, 748 F. Supp. 2d at 527. *In re Application of Grupo Qumma,* No. M 8-85, 2005 WL 937486 (S.D.N.Y. Apr. 22, 2005) (granting 1782 application, holding that ambiguity about whether the discovery would be permitted in Mexican court is not a relevant factor in determining whether to grant a § 1782 request as that would require federal judges to apply foreign law concepts).

With respect to the third factor, because the requester is the Korean Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Korean discovery rules or to thwart policies of either the United States or the Republic of Korea. *See In re Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). Therefore, the third *Intel* factor weighs in favor of granting the Korean Court's request for judicial assistance.

And with respect to the fourth factor, the Letter of Request seeks (1) the name and surname under which this email address was registered, (2) the date and time of the creation of the Gmail account, (3) the date and time of closure of the account, (4) any mobile phone number associated with

1  the account, and (5) any other personal information connected to this account.  The information sought
2  is related to a witness in the Korean proceeding.
3      Based on the U.S. Attorney's Office's discussions with Google, it can access and obtain at least
4  some of the requested information, and with relative ease.  Therefore, the requests would not be unduly
5  intrusive or burdensome. *See, e.g.*, *id.* (holding that providing a DNA by buccal swab is not unduly
6  burdensome). *See also In re Clerici,* 481 F.3d at 1332 (holding that it was the witness's burden to file a
7  motion to limit discovery and as he had not done so, the Court was not going to address the scope of the
8  request).
9      Additionally, Google has indicated its willingness to provide the requested evidence once served
10 with a subpoena. *See* Keough Decl. ¶ 3.  Thus, the fourth factor also weighs in favor of granting the
11 request.
12     In summary, consideration of the four discretionary factors set forth by the Supreme Court in
13 *Intel* favors authorizing judicial assistance to the Korean Court.

**CONCLUSION**

15     Attached to the Declaration of Assistant United States Attorney Michael A. Keough is the
16 proposed subpoena that this office intends to serve (in substantially similar format) on Google should
17 the Court grant the Application pursuant to 28 U.S.C. § 1782. Upon receipt, the affidavit will be sent to
18 the Department of Justice, Civil Division, Office of International Judicial Assistance for transmission to
19 the Korean Court.
20     WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form
21 attached to the Application, appointing Assistant United States Attorney Michael A. Keough
22 Commissioner for the purpose of issuing a subpoena to execute the request for international judicial
23 assistance.

24  DATED: February 9, 2024                     Respectfully submitted,

25                                              ISMAIL J. RAMSEY
                                                United States Attorney
26
                                                */s/ Michael A. Keough*
27                                              MICHAEL A. KEOUGH
                                                Assistant United States Attorney
28

MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782
8